IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-00278-01-CR-W-DGK |
| TREYON BLOODSOE, | ) |
| Defendant. | ) |

**ORDER**

Pending is Defendant Treyon Bloodsoe's Motion for Reconsideration of Pretrial Release filed on August 16, 2022. Doc. 52. The Government filed its opposition on August 30, 2022. Doc. 53. A reply was not filed, and the time for filing a reply has passed. *See* L.R. 7.0(c)(3). After carefully reviewing the record and the parties' briefing, the Court **DENIES** Defendant's motion.

**I.      Background**

On November 5, 2021, Defendant Treyon Bloodsoe was charged by criminal complaint with two counts of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Doc. 1. The Government moved for a detention hearing. Doc. 2. On November 10, 2021, the undersigned conducted a preliminary hearing and a detention hearing. Doc. 9. At that time, the Court took the matter of detention under advisement and ordered Defendant be temporarily detained. *Id*. The Court indicated it may consider releasing Defendant if a suitable home plan was provided and approved by the Pretrial Services Office, a third-party custodian was identified and approved by the Pretrial Services Office, and Defendant was electronically monitored. *Id*. No specific conditions of release, including the amount of a potential bond, were set. *Id*.

On November 30, 2021, the grand jury returned an indictment charging Defendant with one count of conspiracy to receive, possess, and dispose of stolen firearms in violation of 18 U.S.C. §§ 371, 922(j), and 924(a)(2); one count of unlicensed firearm sales in violation of 18 U.S.C. §§ 923(a) and 924(a)(1)(D); and two counts of possession of a stole firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Doc. 13. On December 7, 2021, Defendant appeared for an arraignment and the continuation of his detention hearing. Doc. 33. The Court found there were conditions of release that would reasonably assure Defendant's appearance and the community's safety. *Id.* However, before Defendant could be released, a third-party custodian and via home plan had to be approved by the Pretrial Services Officer and the Court. *Id.* Additionally, the third-party custodian had to cosign a bond. *Id.* The Court indicated if a home plan and third-party custodian were approved, it would hold a follow-up hearing to review and enter conditions of release. *Id.* No conditions of release, including an amount for a potential bond, were set at that time. However, the Court indicated any bond would be unsecure, meaning no money or property would need to be posted. Defendant has remained in custody.

Defendant now moves to reconsider his pretrial release, asking the Court to consider releasing him "without the requirement of a monetary bond." Doc. 52 at 1. He contends "he comes from a family of meager means," and he "lacks the monetary resources to post any monetary amount." Doc. 52 at 2. The Government opposes Defendant's motion, arguing the conditions set forth by the Court are reasonably calculated to ensure Defendant's appearance and public safety. Doc. 53 at 2. It also contends any reliance by Defendant on 18 U.S.C. § 3142(c)(2), which provides a judicial officer may not impose a financial condition of release that results in a person's pretrial detention, is misplaced because courts may impose financial conditions proportionate to a defendant's liability, and this Court found a "security bond" was necessary to ensure Defendant's appearance. *Id*. at 2-4.

## II. Analysis

Despite the parties' briefing, the undersigned did not set a monetary bond or specify an amount for an unsecured bond. Due to Defendant's age and the nature of the allegations against him, the Court emphasized the most important aspects of pretrial release were identifying an appropriate third-party custodian and a home plan – both of which must be approved by the Pretrial Services Office and the Court. The Court's view remains unchanged. If a third-party custodian is approved by the Pretrial Services Office and the Court, and Defendant and his custodian will be required to sign an *unsecured* bond, which does not require the posting of money or property. When and if conditions of release are met, the Court will also consider the parties' arguments regarding the potential unsecured bond, and the amount and terms of said bond.

Because no financial condition has been set, 18 U.S.C. § 3142(c)(2) does not apply in this matter. Further, if the Court were to order an unsecured bond, it does not require the posting of any money or assets by Defendant or the bond cosigner. And, as noted above, if a third-party custodian is approved, the parties may argue their respective positions on the conditions of release, including the potential unsecured bond and/or its amount.

Based on the foregoing, Defendant's Motion to Reconsider of Pretrial Release (Doc. 52) is **DENIED.** Defendant shall remain in the custody of the United States Marshals Service pending further proceedings in this case. If a third-party custodian and a home plan are approved by the Pretrial Services Office and the Court, a hearing will be scheduled to formally set conditions of release.

**IT IS SO ORDERED**.

DATE: October 27, 2022     */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE